The United States District Court
For the Western District
of
TEXAS

Theresa M. Farris
plaintiff

Stephen L Farris
plaintiff

V

Midland County.
Defendants

City of Midland et al
Defendants

FILED
February 02, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____J. Barker_____
DEPUTY

8th Amendment
Violation
Cruel and Unusual
punishment.

Eighth Amendment Violation.

1. punishment that is contrary to the practice of civilized society. Cruel and unusual punishment is any punishment for a crime or other treatment of criminal that is contrary to the practices of civilized states and violates both the Eight Amendment and international Law.

A. Plaintiff had signed for a term of imprisonment 5 years. 2019-2024. Mr. Farris states that he had also witnessed in hand of his two defense attorney that he, Mr. Farris did not, in fact, owe an amount for fines, Fees, Court Cost or restitution. Mr. Farris had been arrested September 4, 2018. Mr. Farris had a 8-9 month jail time credit before he was transferred to Middleton and subsequently to MTC Mgmt and Training Corp. in 2019.
   Mr. Farris witnesses the fact that there had been Fraud on the court.

Reckless discharge.

2. Federal Rules of Civil Procedure 19 states Strategy for the defendants "pleading reasons for nonjoinder purges the taint for a relators existence in a bequeathed writ of assistance".

A. The reckless discharges of relator and administrator Subrogate relations of contempt, indirectly misrepresenting defendant Mr. Farris to "abeyances" of medical examinations. Misstated misjoinder plainly dictates the acts overtly intended by the defendants.

B. Third party lacks article III standing because they suffered no actual damages.

C. Excessive punishments are forbidden under this clause as well as the excessive fines clause. Although the determination of excessiveness is controversial.

D. Farris had been arrested and detained for 8 months in 2018. Third degree felony in the state of Texas for First time burglary is a ($10,000 fine) and up to 2 yrs term of imprisonment. defendant/Plaintiff Farris is adjudged to a "term" of imprisonment 5 yrs in 2019. Parole for defendant/ Plaintiff Farris expires in 1/4/2024. Farris has no added conditions since his release. Farris has not failed any urinanalysis. Farris has submitted in person 15-20 urinanalysis.

Proportional Review

3. no punishment is to be grossly disproportionate to the crime to which defines the sentence.

    Exact proportion is not required.

Farris states the defendants had a intent beyond that of criminal organization. the motive had to be for financial gain, greed and corporate restructure. within the heavily guarded record files in the district court the defendants misused "proprietary" opinions in pandemic fraud. Farris had suffered brain lesions and physical mutilation from an unknown entity or instrumentality of unsaid gathering.

    Whitley v Albers 475 US 312

8th Amendment does not require strict proportionality between crime and sentence.

    Derivation:
    proportion

Ewing v. California 538 US 11 23 2003 O'CONNOR, J

    USAGE

ATKINS v. VIRGINIA 536 US 304 312 2007

    O'CONNER, J

### Constitutional Prohibition

Whereas, prohibitions are concerning, The trial Court may seek on its own discretion to limit objective factors within a proprietary analysis. Under the disposition of Client-Attorney priviledge to enable regulation, the trial court, with the assistance of counsel for defendant to suggest participation may have willfully and knowingly directed the defendants counsel to account for act or omissions extreme and grossly disproportionate at a time interpreted for post-conviction relief.

But by the reckless discharge of defendant and pursuant to intermediary (RT) stock option for financial gain positivity rates for Farris declined. Farris' health and Limbs and body were mutilated.

Texas Parental notifification 1.5
Hearings Conducted, methods of Document retrieval.
Texas Par notification 1.5 Suggest

Recall Mandate

the nature of the powers attacked by third party otis were analagous to those exercised by the commission or trial court allowing "investigation and compulsion", the defendants disregarded judicial review and made for direct contempt, attacking the poor and abusing the helpless and defenseless, Excessiveness

Defendants Conspired against plaintiff For financial gain, they stole my family's inherit autonomy of direction and forced proscriptions poisoning my family and me.

14th Amendment Mapp v Ohio 367 US 643 81 S Ct 1684 6 L ed 2d 1081

Farris states the circuit court assisted contempt in violation of Federal Rules of Civil Procedure 19 and 21. Clearly presenting by the mutilations the accuseds. failure to present issue or available relief as to why a writ should issue. The acts of defendants could not comply with requirements of trial court or Court Admin.

[enable regulation relating to identification, Handling and disposition of dead bodies
19 GA St UL Rev 200 204-205 (2002)]

The practice of ascertaining the amount of debt by itself where several different debts are due one creditor is to articulate adjudication in the sight of an abundance of caution or prophelactic mannerism.

### Recall Mandate
Rule 21 C)3)(b) d

514 516(b) Tariff Act of 1930, shall consider unlawful act a pro<u>t</u>est not a private act of torture

Measures to publish the identity of those connected of crime do not violate this limit of excessive fine.

roper v simmons
543 us 551, 589 2005
O'CONNOR, J

The motive of defendants to gain bargaining powers, individualize defendants credit risk as relator and not respondent, Cruelly and Unusual punishing the defendant/Plaintiff. Without the authority of objective factors.

### Excessive fines.

The plaintiff argues a judgement at September 4th 2018 for burglary of habitation and violation of protective order. max fine $10,000

Credit risk for individuals or family does not effect real property or affect private real property where legal or equitable title is of issue. The trial did not provide for, Mandamus to issue, or prohibition third party defendants Violated grossly Const. Law, admin. Law - Plaintiff suffered physical damage since Sep 4, 2018, the rise of a Constitutional Law of question begins as the injury arises from state exhaustion of remedy and want of Jurisdiction. frustrated purposes, sane automatisms, nuerological disorders from head trauma and physical mutilations were of some reported Acts Defendant had no right whether corporeal or incorporeal to inflict mental and physical mutilation. This to say in equitable remedy they the defendants did not statutorily account for the Acts they themselves committed.

The burden of

establishing the irreducible constitutional minimum, that of Standing to demonstrate; bears on the fact the defendants excuse or just cause excluding malice, actual or legal, to further disseminate questions of diversity

Third-party burden seeks to avoid contest by contracting of record. Third-party lack standing because they suffered no actual damages.

Wilson v. Eagleson, 9 Idaho 17, 71 P 613

Third party credit risk harmful to plaintiff safety plaintiff family and public opinion vested in commission by the invalid wills and successions of improper venue.

FCRA externally evokes a propelling of substance or influences an act; a form drag or delay, furthering harassment or Cruel and unusual punishment.

a reason for committing an act which otherwise would constitute an actionable wrong or tort.

52 Am J1st torts § 85

Defendants had assumed a debt prior to the defendant/plaintiff arrest and had intended by the accusations to commit fraudulent and meritless acts of pandemic fraud

Inflictions of emotional distress

The imbibed quantities bill quia timet have allured in an <u>active</u> sense to the increased assaults <u>ailments</u> or disorders thusly providing motivation to the defendants to continue predatory stalking of the weak. As an established or settled character and away from a solution to help, to which, the insured is subject, The abrogation(s) having no reference to temporary which is new and unusual, brought severe punishment.

29 Am JRev ed Ins §1211

Lack of Security

Introductory factors, to make whole, details comprehensively the insureds ability to negotiate aside from ongoing Judicial or trial Court proceeding providing not for a defense but unforseen risk. Prision conditions to benefit guards is controversial.

29 Am JRev ed Ins §1211

Disease appears in a health insurance policy. Occupational disease in a legal sense, to characterize one absent; relief is hostility.

mutual life ins Co v Simpson 88Tex333

## Conclusion

The concept of adequacy has thus tended to become relative and the comparison more often leads to granting equitable relief than was the case.

    E Allan Farnsworth, Contract 826 (little brown and Company) 1982

Subsections of Civil enforcement Erisa provision which allows plaintiffs to obtain appropriate equitable relief authorizes only that categories of relief that were available in equity such as injunction, mandamus and restitution but not compensatory damages.

My family never sought restitution in the matter arising September 4, 2018. Civil Enforcement affording an official guide for defendants, may at best allow a statutory right. Legal concepts were available within the trial courts discretion and as a responsibility meted out unto a term adjudged as non-binding decision.

Plaintiff rights their would be no equitable defense to a party non-joinder or misjoinder to state the plaintiffs family intended at best legal understanding to correct incident, less any attempt for recovery or restitution. Plaintiff states no restitution had issued at the proceeding for plea bargain. Adequacy of remedy at law may suggest alternative livelihood contrary to fair notice in Farris' trial court proceeding for civil matters at "family home"

Employee Retirement Income Security Act of 1974 § 502(a)(3) 29 USC §1132(a)(3) Register v Cameron & Barkley Co. 467 F Supp 2d 537 DSC 2006 HARPER J

Defendants willfully attempted to sequester themselves as party at the earliest possible time but and yet accession to the facts knowingly had not previously made arrangements for specific performance of side panel or Writ of assistance with Farris

In the absence of a valid will or will that completely disposes of decedent property to suggest exculpable material, the right to inherit property is a statutory priviledge and is strictly controlled by the legislature.

Plaintiff states the defendants had reasoned amongst theirselves with no affirmative action. Using Slayer Statutes in a Novel Way.
44 S.D L Rev 828 855 (1999/1998)
in re estate of okeefe.

The defendants attempted use of a failed system against State Law and Laws of the United States of America. Cruelly and Unusually punished Farris For more than 3½ years. His real injury and mutilated body created great amount of stress and fragmented realities forcing difficulties and nuerological disorders.

2

Plaintiff Farris contends the nature of common senses (Justice Story Commentary on Equity Jurisprudence § 25-28 W.E Grigsby ed 1988)

the prudent obligations disproportionate to crime and sent.

Szegda v Szegda 904 A2d 1266 1273 Conn Ct App 2006 Harper, J

The gravamen of the plaintiffs argument is that solicitous to her she is seeking legal and not equitable relief in this action and is thus entitled to jury trial.

Defendant did not duty Damages that did not exist for first time burglary. Nor did he in process authorize or permit equitable injunctions mandatory to venue to apply lis penden.

The system of circuit court and Common Law pleas by the expressed nature did in no way intend to sell the estate in a state of Succession. Frauds and schemes.

Plaintiff notice in the broad and unambigous available remedy for the damages, abuses at the extensions heretofore when Plaintiff had been a prison inmate at private facility.

Delays and Damages suggest the threat can be shaped at the addressed fringes by the remedial process of Cercla and soil inquiries where venue had entertained.

FTCA does not provide equitable relief only damages.

3

The Midland County District Court
For the STATE of TEXAS

Supplemental Amendment
Special demurrer

Midland County Court,

The matter foregoing in the Midland County Court at law is demeanor, civil case 181000.

The lack to show violation of a ministerial duty that would warrant relief Parole boards Policy Contended is merely a cognizable interest. Tex Code Crim Proc. Ann. art 11,073

Sierra v Morton US

Matters affecting Parole board is the condition, Special in nature, specie the "T" Condition. Offender is restraint to such a condition monitoring place of residence and is a V2 factor of importance.

Plaintiff states he was not presented with a "T" Comply rule condition violating rules of electronic monitoring. This is Supplemental to obtain equitable relief in suit to expire Mandatory Supervision. Special conditions are not real and majority of conditions held extrinsicly for proper admission are supported by factors force majeure.

The United States District Court for the Western District of TEXAS

## NOTICE
### as adjudicative fact

Injury in fact

The defendants have insisted that they possess no knowledge of the abuse, assault, battery Defendants is grossly seeking to obtain a statutory willfulness that is vicariously specie to the plaintiffs civil rights and Federal guarantees

2. Unilateral expectation that does not rise to the level of a recognized interest does not warrant compensation. Stark Law violation.

3. The defense of truth in an action for libel or slander - predatory stalking.    33 AM JIst L & S

The element of injury-in-fact, whether; concreteness and particularity or actual and immenent is overcome by the injury-in-fact.

The adjective concrete is meant to convey real and not abstract.

A concrete injury in uniform must be "de facto" that is it must actually exist.

Blacks Law 479 (9th ed 2009)

Relief pursuant to 28 USCS

FCRA or ACT

1681 (e)(b)(n)(a) $1,000 for each violation.

The plaintiff seeks available liquidated damages by the defendants failed attempts at specific performance from 2018-2022

Remedy at law seeks to redress procedures to ensure societal burdens are at ease in effect to all parties. Violation of familys Statutory rights, compensatory in nature due the comparitive sense allows for monetary and equitable relief

Plaintiff request $1,000,000 usd. For each violation, in the sum of $250,000. that occurred from within the dates 2018-2022.

/S/ Stephen Farris
2603 W STOREY
Midland, TX 79701

4

S. Farris
2603 W. STOREY
Midland, TX 79701



Midland District Clerk
200 E WALL Street
Midland, Texas 79701

RECEIVED

FEB - 2 2023

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
              DEPUTY