IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| STEPHEN L. FARRIS,<br>*Plaintiff*, | § § § | |
| v. | § § | MO:23-CV-00023-DC |
| MIDLAND COUNTY, and CITY<br>OF MIDLAND,<br>*Defendants.* | § § § § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE U.S. MAGISTRATE JUDGE

Pro se litigant Stephen L. Farris sued Defendants Midland County and the City of Midland, alleging numerous and mounting claims. Indeed, after filing his complaint on February 2, 2023, Farris has filed fourteen notices, a supplemental statement of facts, and an objection to the Magistrate Judge's Report and Recommendation (R&R). Despite these many filings (and early direction from the Magistrate Judge) (Doc. 7), Farris has yet to either file an application to proceed *in forma pauperis* or pay his $402 filing fee.[1] The Court notes that Farris's deadline to do one or the other elapsed thirty days after the Magistrate Judge entered his February 10th Order. (Doc. 3).[2]

Now the Magistrate Judge recommends that Farris's claims be dismissed under Federal Rule 41(b) for failure to prosecute his case and to comply with the Court's Order. (Doc. 7). Farris objects on many bases. (Doc. 10; *See also* Docs. 11–21). A court may dismiss

---

[1] The Court acknowledges that the correct filing amount is $402.
[2] Note too that the Magistrate Judge's Order described Farris's available options to resolve his failure to pay his filing fee, his deadline to act on those options, and that his case would be dismissed if he failed to choose either.

an action *sua sponte* under its inherit powers if a movant fails to prosecute its case or fails to comply with a court order.[3] Such a dismissal comports with the long-held rationale that a court's "power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."[4] Moreover, Rule 41(b) recognizes that this inherent power is "necessarily vested in courts to manage their own affairs as to achieve the orderly and expeditious disposition of cases."[5]

After de novo review and consideration of the record, the Court **OVERRULES** Farris's objections, **ADOPTS** the R&R, and **DISMISSES WITHOUT PREJUDICE** Farris's suit.

It is so **ORDERED**.

SIGNED this 25th day of May, 2023.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[3] FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).
[4] *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).
[5] *Id.* ("The power [to dismiss a plaintiff's action with prejudice for failure to prosecute] is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law and dismissals for want of prosecution of bills in equity. It has been expressly recognized in Federal Rule of Civil Procedure 41(b)") (cleaned up).